FILED
JUN 2 5 2002
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

CHIRON, CORPORATION

       Plaintiff,

  v.

GENENTECH, INC.

       Defendant.

NO. CIV. S-00-1252 WBS GGH

MEMORANDUM AND ORDER RE: ANTICIPATION, FRACKELTON 2G8 ANTIBODY

----ooOoo----

       In a separate order, the court has determined that Genentech's product, Herceptin, infringes Chiron's U.S. Patent No. 6,054,561 ("'561 patent"). Genentech has raised various defenses and counterclaims, alleging inter alia that the '561 patent is invalid because it is anticipated by prior art. Chiron moves for summary judgment, arguing that the patent is not anticipated by the prior art references cited by Genentech, including the 2G8 antibody discovered and patented by Dr. Albert Frackelton.

///

///

I.  Factual and Procedural Background
    A.  Procedural Background

        The '561 patent claims monoclonal antibodies that bind to a human breast cancer antigen known as HER2. The patent issued from a patent application filed in 1995, which is a continuation of a long line of patent applications dating back to 1984 and 1985. The court addresses in a separate Memorandum and Order filed concurrently herewith whether the '561 patent is entitled to rely on the 1984 and 1985 applications for priority so as to pre-date inventions that arose after 1985 but before 1995. (See Mem. and Order Re: Priority, Anticipation, Written Description, Enablement, Best Mode, Utility.) This Order addresses whether an invention discovered and patented before 1984 and 1985 anticipates, and thereby invalidates, the '561 patent under 35 U.S.C. § 102.[1]

        Genentech initially asserted that a number of pre-1984 and 1985 references invalidated the patent. After Chiron moved for summary judgment, Genentech withdrew its anticipation defenses based on the publications by Hapgood, Waterfield, Yuan, Colcher, Sato, Papsidero, Gooi, Richert, Schreiber, Krolick, Menard, Grimm, Kwamoto, Schlom, and Loop, and the patents by Mendelsohn, Waterfield, Sakamoto, Bander, Fradet, Cairncross, Mattes, Albino, Cardiff, Harvey, Cote, Keydar, Koprowski, and Schlom that are cited in Appendix A to Chiron's motion for

---

[1] A separate, but related question is whether the '561 patent is "obvious" under 35 U.S.C. § 103 in light of references published before 1984 and 1985. The court addresses that question in a separate Memorandum and Order regarding inventorship, obviousness, and inequitable conduct. (See Mem. and Order Re: Inventorship, Obviousness, Inequitable Conduct).

2

summary judgment regarding section 102 and 103 (non-drebin references). Genentech also filed a non-opposition to Chiron's summary judgment motions regarding two other pre-1984 references: the MOPC 21 antibody and the 7.16.4 Drebin/Greene antibody. Genentech, however, opposes Chiron's motion for summary judgment on the ground that the 2G8 monoclonal antibody binds to the HER2 antigen and therefore anticipates a number of the claims of the '561 patent.

B. <u>The 2G8 Antibody</u>

Antigens are proteins, which are made up of amino acids. One amino acid found in proteins is tyrosine. Tyrosine can become "phosphorylated" when enzymes called tyrosine kinases add phosphate into the tyrosine residues of specific proteins. (Frackelton Dep. at 70.) The phosphorylated tyrosine is referred to as "phosphotyrosine." (<u>Id.</u>)

In March of 1981, Dr. Albert Frackelton created a monoclonal antibody called 2G8, which binds to a phosphotyrosine moiety on the cytoplasmic, or intracellular, domain of phosphotyrosine-containing proteins. (Expert Report of Dr. Frackelton, Emery Decl. Ex. P.) Dr. Frackelton received a patent on the 2G8 antibody in 1985 after filing a patent application on December 13, 1982. (Emery Decl. Ex. Q.) Claim 1 of Dr. Frackelton's '439 patent covers "[a] monoclonal antibody of the class IgG or IgM, derived from the fusion of a murine myeloma cell and a murine antibody-producing lymphoid cell, demonstrating specific reactivity to a phosphotyrosine moiety on phosphotyrosine-containing proteins." (<u>Id.</u>)

The HER2 antigen contains at least four tyrosine sites

3

that can become phosphorylated, and 2G8 has been shown to bind to phosphotyrosines on a phosphorylated HER2 antigen. (Frackelton Dep. at 83-85; Emery Decl. Ex. P.)  However, it is undisputed that not all HER2 antigens contain phosphotyrosine. It is also undisputed that HER2 is by no means the only protein that can become phosphorylated. (Unkeless Dep. at 169). Nor are the phosphotyrosines on HER2 the only phosphotyrosines to which the 2G8 antibody binds. In fact, the 2G8 antibody is known to bind to the phosphotyrosine on at least 30 to 40 different proteins, and may bind to hundreds more. (Frackelton Dep. at 244-245; Unkeless Dep. at 169.)

II.  Discussion

The court must grant summary judgment to a moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party adverse to a motion for summary judgment may not simply deny generally the pleadings of the movant; the adverse party must designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Simply put, "a summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The non-moving party must show more than a mere "metaphysical doubt" as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

4

In addition, the court must take into consideration the burden of proof at trial when evaluating the sufficiency of the evidence on summary judgment. Eli Lilly & Co. v. Barr Labs., Inc., 251 F.3d 955, 962 (Fed. Cir. 2001). Because a patent is presumed valid, Genentech has the burden of proving invalidity by clear and convincing evidence. Union Oil Co. of Cal. V. Atlantic Richfield Co., 208 F.3d 989, 993 (Fed. Cir. 2000).

A patent is anticipated and therefore invalidated by prior art if (1) the invention it claims was known or used by others in this country before the patent application was filed; (2) the invention was in public use or on sale in this country more than one year before the application was filed; (3) the invention was described in someone else's patent before the patent applicant invented what is claimed; or (4) the invention was made in this country by another inventor before it was invented by the applicant, and the other inventor did not abandon, suppress, or conceal his invention. See 35 U.S.C. § 102(a);(b);(e)(2);(g)(2).

An earlier invention will not "anticipate" a later invention unless there is "no difference between the claimed invention and the reference disclosure, as viewed by a person of ordinary skill in the field of the invention." Scripps Clinic and Research Found. v. Genentech, Inc., 927 F.2d 1565 (Fed. Cir. 1991). Thus, anticipation requires the presence in a single prior art disclosure of each and every element of a claimed invention. Electro Med. Sys., S.A. v. Cooper Life Sciences, Inc., 34 F.3d 1048, 1052 (Fed. Cir. 1994). Whether an earlier reference anticipates a claim or claims of a patent is a question

5

1  of fact.  Scripps, 927 F.3d at 1575.
2        It is undisputed that the 2G8 antibody and the '439
3  patent pre-date the invention of the monoclonal antibodies
4  claimed in the '561 patent.  It is also undisputed that the 2G8
5  antibody does not anticipate claims 3, 7, 11, 15, 21, and 25 of
6  the '561 patent, which are directed toward monoclonal antibodies
7  that bind to the extracellular domain of the HER2 antigen.
8  (See '561 Patent, Claims 3, 7, 11, 15, 21, 25.)  Because the 2G8
9  antibody binds to phosphotyrosine moieties which exist only on
10  the intracellular domain of the HER2 protein, Genentech concedes
11  that the 2G8 antibody does not invalidate the extracellular
12  domain claims.
13        The question for the court, therefore, is whether the
14  2G8 antibody anticipates the claims of the '561 patent that do
15  not have the extracellular domain limitation.  One element common
16  to all of the claims of the '561 patent is that the monoclonal
17  antibody must bind to the HER2 antigen.  Thus, in order for the
18  2G8 antibody to anticipate any of the claims of the '561 patent,
19  it must bind to the HER2 antigen.
20        In an order dated April 22, 2002, the court construed
21  the term "binds" to mean "a degree of attachment that is
22  immunologically significant, i.e. a degree of attachment that is
23  (1) above background levels; (2) specific; (3) selective for
24  cancer as opposed to normal cells and/or tissues; and (4) has a
25  useful degree of affinity."  (Apr. 22, 2002 Order, at 42.)
26        In that order, the court explained that antigen-
27  antibody binding is "specific" in the sense that antibodies are
28  custom-tailored to fit around or attach to a particular binding

site on a particular antigen. The court further noted that although an antibody may sometimes randomly and weakly attach at a site other than the specific one it recognizes, the term "binds" as it is used in the patent does not refer to this kind of background binding.

With the court's claim construction in mind, it is clear from the undisputed evidence in the record that the 2G8 antibody is not specific for the HER2 antigen at all. Rather, it is specific for phosphotyrosine, which appears on many proteins other than HER2, and which does not appear on all HER2 antigens. The fact that 2G8 binds to phosphotyrosine moieties present on HER2 therefore does nothing to prove that 2G8 is custom-tailored for HER2. Because 2G8 is not specific for HER2, it does not "bind" to HER2 within the meaning of the patent, and therefore does not anticipate the claims of the patent.[2]

Based on the court's claim construction and the undisputed factual record, the court finds that neither Dr. Frackelton's 2G8 antibody nor the '439 patent invalidate any of the claims of the '561 patent.

IT IS THEREFORE ORDERED that summary judgment be, and the same hereby is, GRANTED to Chiron on:

    (1) Genentech's affirmative defense and counterclaim that the claims of the '561 patent are invalid in view of the 2G8 antibody and the Frackelton '439 patent;

---

[2] The parties also dispute whether the 2G8 antibody binds "selectively" or "with a useful degree of affinity" to HER2. The court need not address these questions. The fact that the 2G8 antibody does not bind specifically to HER2 is sufficient to resolve the question of whether it anticipates the claims of the '561 patent.

7

(2) Genentech's affirmative defense and counterclaim that the claims of the '561 patent are invalid in view of the MOPC 21 antibody;

(3) Genentech's affirmative defense and counterclaim that the claims of the '561 patent are invalid in view of the Drebin 1984 article and the Drebin/Greene antibodies;

(4) Genentech's affirmative defenses and counterclaims that the claims of the '561 patent are invalid in view of the publications by Hapgood, Waterfield, Yuan, Colcher, Sato, Papsidero, Gooi, Richert, Schreiber, Krolick, Menard, Grimm, Kwamoto, Schlom, and Loop, and the patents by Mendelsohn, Waterfield, Sakamoto, Bander, Fradet, Cairncross, Mattes, Albino, Cardiff, Harvey, Cote, Keydar, Koprowski, and Schlom cited in Appendix A to Chiron's motion.

DATED: June 24, 2002

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

United States District Court
for the
Eastern District of California
June 25, 2002

* * CERTIFICATE OF SERVICE * *

2:00-cv-01252

Chiron Corp

   v.

Genentech

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on June 25, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Eric S Walters  
Morrison and Foerster  
755 Page Mill Road  
Palo Alto, CA   94304-1018  

SH/WBS

James M Emery  
Keker and Van Nest  
710 Sansome Street  
San Francisco, CA   94111-1704  

Michael David Celio  
Keker and Van Nest  
710 Sansome Street  
San Francisco, CA   94111-1704  

Jack Vivian Lovell  
Hunter Richey DiBenedetto and Eisenbeis  
Renaissance Tower  
801 K Street  
23rd Floor  
Sacramento, CA   95814-3525  

Rachel Krevans  
Morrison and Foerster LLP  
425 Market Street  
San Francisco, CA   94105-2482  

Jack L. Wagner, Clerk

by: Deputy Clerk